# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 7, 2022

Peter J. Walsh, Jr., Esquire
Kevin R. Shannon, Esquire
Christopher N. Kelly, Esquire
Mathew A. Golden, Esquire
Callan R. Jackson, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801

Edward B. Micheletti, Esquire
Lauren N. Rosenello, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
920 N. King Street, 7th Floor
P.O. Box 636
Wilmington, DE 19899-0636

Brad D. Sorrels, Esquire
Wilson Sonsini Goodrich & Rosati, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801

> Re: *Twitter, Inc. v. Elon R. Musk et al.*,
> C.A. No. 2022-0613-KSJM

Dear Counsel:

This letter decision resolves the Motion to Compel Production of Slack Messages filed by Defendants Elon R. Musk, X Holdings I, Inc., and X Holdings II, Inc. ("Defendants") on August 27, 2022, which I refer to as Defendants' "Fourth Discovery Motion."[1] Plaintiff Twitter, Inc. ("Plaintiff") filed its opposition on August 30, 2022.[2] Defendants filed their reply on September 2, 2022.[3] I heard oral argument on September

---

[1] C.A. No. 2022-0613-KSJM, Docket ("Dkt.") 264 ("Defs.' Fourth Disc. Mot.").

[2] Dkt. 319 ("Opposition").

[3] Dkt. 383.

6, 2022.[4] I assume that the reader is familiar with the background of this dispute, so I will skip to a discussion of the issues raised by Defendants' Fourth Discovery Motion.

Plaintiff's custodians used Slack for relevant communications, and Plaintiff has agreed to produce responsive Slack messages from six of their 42 custodians.[5] In their Fourth Discovery Motion, Defendants seek production of responsive Slack messages from all 42 Twitter custodians. Plaintiff argues that this further production would be unduly burdensome. Plaintiff further argues that, because Defendants previously demanded Slack messages from only eight of Plaintiff's custodians, Defendants should not now be permitted messages from all 42.

On the issue of burden, I have repeatedly noted the substantial disparity in the discovery burden placed upon the warring factions. I will not repeat all of these observations here, except to say that Plaintiff's had it far worse, and I am hesitant to impose a large additional discovery burden on Plaintiff at this stage in litigation.

As to Defendants' prior representations, the correspondence between counsel attached to the parties' motions bears out Plaintiff's account that Defendants effectively abandoned their initial demand of 42 custodians in favor of a request only eight. The back-and-forth between counsel is tedious, but I recount it here for completeness.

---

[4] Dkt. 412.

[5] Opposition at 18.

Following Plaintiff's August 5 offer to provide text messages from three custodians,[6] Defendants countered on August 16 with a list of 42 "Messaging Platform Custodians."[7] Defendants' proposal "govern[ed] the review of any messages sent or received by Plaintiff's document custodians on any messaging device and/or messaging platform" used by each of the Messaging Platform Custodians and identified "Slack" as a "Messaging Platform."[8]

Plaintiff rejected the counterproposal,[9] and Defendants responded with a new proposal on August 18.[10] Defendants' counsel stated that their new proposal "limits the number of Messaging Platform Custodians,"[11] and the proposal did indeed trim the initial list of 42 individuals down to eight.[12] The August 18 proposal also preserved the "Messaging Platform Custodians" language from Defendants' August 16 proposal, including the specific reference to Slack as a "Messaging Platform."[13]

---

[6] Opposition, Ex. 2 at 2.

[7] Opposition, Ex. 4 at 26.

[8] *Id.*

[9] Opposition, Ex. 5 at 1–2.

[10] Opposition, Ex. 6 at 29.

[11] *Id.* at 2.

[12] *Id.* at 29.

[13] *Id.*

In response to the August 18 proposal, Plaintiff countered with an offer of six custodians,[14] and Defendants responded again by demanding eight.[15] Both of these proposals included the same language explicitly including Slack in the Messaging Platforms at issue.[16] On August 23, Defendants changed tack and demanded that Plaintiff produce Slack messages from all 42 custodians.[17]

Defendants argue that they always wanted 42 Slack custodians. They contend that Plaintiff represented that Plaintiff was collecting and reviewing Slack messages from a broader set of custodians, and that was true early in the process. But Plaintiff's representations came before Defendants proposed and negotiated a protocol for Messaging Platform Custodians demanding a far narrower set of Slack custodians. Defendants' explanation for those later communications was that they "inadvertently failed to remove" the language.[18]

Even if Defendants' representations were inadvertent, Defendants cannot be permitted to re-trade now. To be sure, generally, parties should be able to offer compromise positions without prejudicing their right to move for the full scope of relief to which they are entitled. That is not what happened here. Defendants gave Plaintiff the

[14] Opposition, Ex. 7 at 32.

[15] Opposition, Ex. 8 at 34.

[16] Opposition, Ex. 7 at 32; Opposition, Ex. 8 at 34.

[17] Opposition, Ex. 9 at 1.

[18] Opposition, Ex. 11 at 1.

impression that they were seeking limited Slack custodians, only to then say that they never meant it. In this highly expedited case, there is no time for "just kiddings." Parties must be able to rely upon one another's good faith proposals for the discovery process to function. Defendants are therefore held to their proposal seeking Slack messages from the eight custodians identified in their proposals.

Plaintiff is ordered to produce Slack messages from the two additional custodians proposed by Defendants: Egon Durban and Vijaya Gadde. This production may be provided pursuant to an agreement between the parties in line with this court's "quick peek" proposal made prior to oral argument.[19] Alternatively, Plaintiff may review the messages and provide responsive documents to Defendants. The parties are to meet and confer as to the manner of production and any related issues raised by this ruling.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc:     All counsel of record (by *File & ServeXpress*)

---

[19] Dkt. 379.